UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEDRAH C. XIMUHAMMAD,** : | Civil Action No. 17-13594 (MCA)(MAH) |
| **Plaintiff,** : | |
| v. : | |
| : | **REPORT AND RECOMMENDATION** |
| **PORT AUTHORITY OF NY & NJ** : | |
| **POLICE DEPARTMENT, et al.,** : | |
| **Defendants.** : | |

This matter comes before the Court on this Court's March 6, 2019 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. D.E. 30. Plaintiff failed to file a response to the Order to Show Cause by March 29, 2019. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons set forth below, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

    **I.**    **Background**

On December 26, 2017, Plaintiff submitted a Complaint against Defendants Port Authority of NY & NJ Police Department ("PAPD") and the Union Police Department (UPD"), alleging a violation of her civil rights stemming from an apparent arrest in or around October 2017. Complaint, D.E. 1. On January 19, 2018, Plaintiff was granted *in forma pauperis* status and her Complaint was filed. Order, Jan. 19, 2018, D.E. 4. On April 27, 2018, Defendant PAPD moved to dismiss Plaintiff's Complaint. Motion to Dismiss, Apr. 27, 2018, D.E. 12. On May

18, 2018, Defendant UPD also filed a motion to dismiss.  Motion to Dismiss, May 18, 2018, D.E. 14.  On August 13, 2018, this Court entered a Pretrial Scheduling Order that, *inter alia*, set: (1) August 31, 2018 as the deadline to exchange initial disclosures; (2) October 14, 2018 as the deadline to serve interrogatories, requests to admit, and requests for the production of documents; and (3) March 31, 2019 as the deadline to complete fact discovery.  Pretrial Scheduling Order, Aug. 13, 2018, D.E. 18.  On November 30, 2018, the District Court granted Defendant PAPD's motion to dismiss, but denied Defendant UPD's motion.  Order, Nov. 30, 2018, D.E. 19.

On January 16, 2019, Defendant UPD informed the Court that Plaintiff had failed to provide her initial disclosures, serve any discovery requests, or respond to Defendant UPD's discovery requests.  Defendant UPD also represented that Plaintiff had failed to confirm her availability for her deposition, which Defendant UPD had scheduled for December 19, 2018.  Letter, Jan. 16, 2019, D.E. 26.  The Court entered an Order on January 31, 2019.  Order, Jan. 31, 2019, D.E. 27.  That Order required, inter alia, Plaintiff to cure her discovery deficiencies by February 21, 2019.  The Order also required each party to submit, by March 21, 2019, a status report setting forth any outstanding discovery.  The Order also warned Plaintiff that failure to comply would result in the issuance of an Order to Show Cause as to why the matter should not be dismissed for failure to prosecute it, pursuant to Federal Rule of Civil Procedure 41.  Defendant UPD served a copy of the Order on Plaintiff on February 1, 2019.  Certification of Service, Feb. 1, 2019, D.E. 28.

Plaintiff did not comply with the Court's January 31st Order.  On February 28, 2019, Defendant UPD informed the Court that Plaintiff had failed respond to Defendant's discovery requests, or to serve her initial disclosures.  Letter, Feb. 28, 2019, D.E. 29.  Moreover, Plaintiff

did not file a status report by March 21, 2019. Accordingly, on March 6, 2019, this Court entered an Order to Show Cause that directed Plaintiff to show cause in writing, by March 29, 2019, why her claims should not be dismissed pursuant to Fed. R. Civ. P. 41 for failure to prosecute this matter. Order to Show Cause, March 6, 2019, D.E. 30.

Plaintiff did not respond to the Order to Show Cause. On April 9, 2019, Defendant notified the Court that Plaintiff has still not cured her discovery deficiencies. Letter, Apr. 9, 2019, D.E. 32. Accordingly, as of the date of this Report and Recommendation, Plaintiff has failed to respond to any of the Court's Orders, or to show cause as to why the matter should not be dismissed, or to serve her initial disclosures and responses to Defendant's discovery requests.

## II. Legal Analysis

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29,

2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

      **B.**    **Consideration of the *Poulis* Factors**

           **i.**    **The extent of the party's personal responsibility**

In the instant case, Plaintiff has failed to respond to the Orders of this Court requiring Plaintiff to explain her failure to provide discovery responses. Nor has Plaintiff contacted the Court to explain her failure to comply, or seek an extension of time in which to do so. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute her claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate her claims and has willfully chosen to abandon this suit.[1]

---

[1] Defense counsel's February 28, 2019 letter referenced an application that Plaintiff had submitted to them regarding the appointment of pro bono counsel. However, Plaintiff never filed such a motion with the Court, despite having had more than fifteen months since the filing of the Complaint to do so. Moreover, insofar as Plaintiff never responded to the Court's Orders, including the Order to Show Cause issued on March 6, 2019, Plaintiff has provided no indication

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time, Plaintiff cannot contend that her failure to prosecute this matter is the fault of counsel. *See*, *e.g.*, *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of her inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute her claims, such as responding to discovery when directed to do so, responding to Court Orders or explaining her inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting her case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced her adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed.

---

to this Court that she intends to continue to litigate this case, through counsel or otherwise. Finally, as this Court noted in its January 31, 2019 Order, a degree of leniency is appropriate when a litigant proceeds pro se. Order, Jan. 31, 2019, D.E. 27, at 2, n.1 (citations omitted). But that leniency cannot extend so far as to allow pro se litigants to consistently disregard court orders and indefinitely delay trial proceedings. See Wallace v. Graphic Mgmt. Assocs., 197 Fed. Appx. 138, 140 (3d Cir. 2006). Here, the Court has extended these proceedings, and Plaintiff's deadlines, for months in order to afford the Plaintiff an opportunity to cure the discovery deficiencies and continue to litigate her claims. Despite multiple opportunities to do so, Plaintiff has neither complied, nor sought an extension of time to comply, nor explained her inability to do so.

Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's Orders has prejudiced Defendant UPD. This case is more than fifteen months old. Defendant has been unable to prepare a defense of this matter because Plaintiff has failed to adhere to the Pretrial Scheduling Order in this case, serve her initial disclosures, provide discovery responses, or appear for her deposition. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend itself.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether she has acted in bad faith. Since this Court entered the Pretrial Scheduling Order on August 13, 2018, Plaintiff has, by all appearances, abandoned prosecution of this matter. The record before the Court establishes that since the Court entered that Order, Plaintiff has made no effort to comply with her obligations in prosecuting these claims or to explain to the Court and defense counsel her inability to do so. Plaintiff has not served initial disclosure or discovery requests or responded to Defendant's discovery requests. Plaintiff also failed to confirm, or appear for, her deposition which was scheduled for December 19, 2018. Therefore, the Court must conclude on the record before it that Plaintiff's failure to

comply with its Orders was willful and that she has chosen not to pursue her claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor also favors dismissal of Plaintiff's claims.

### iv.     Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain her inability to do so, strongly suggests that Plaintiff has abandoned her claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v.     Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or provide any responses to discovery requests. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)). Accordingly, this factor is neutral.

### III. Conclusion

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Date:   April 10, 2019